## YOUMANS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   April 7, 1920.)

No. 3319.

**1. Criminal law ⬥444 — Improperly authenticated transcript not admissible against postmaster; "transcript from account books of auditor."**

A certificate by the Auditor for the Post Office Department that a document is "a true and correct transcript of the postal and money order account" of a postmaster does not render such transcript admissible as a "transcript from the account books of the auditor," under Criminal Code, § 225 (Comp. St. § 10395), on trial of the postmaster for embezzlement.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transcript.]

**2. Criminal law ⬥369(5)—Evidence of another offense not admissible.**

On trial of a postmaster charged with willfully and feloniously converting money order funds to his own use, admission of evidence that defendant failed to make daily deposit of funds as required by the regulations, which also constitutes an offense under Criminal Code, § 225 (Comp. St. § 10395), *held* error.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against Sewell A. Youmans. Judgment of conviction, and defendant brings error. Reversed.

Frederick T. Saussy, of Savannah, Ga., for plaintiff in error.

John W. Bennett, U. S. Atty., of Waycross, Ga.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

WALKER, Circuit Judge. Each of the two counts of the indictment in this case charged that the plaintiff in error (herein called the defendant), on a date stated, being then and there a postmaster of the United States at Nunez, Emanuel county, Ga., unlawfully, knowingly, willfully, and feloniously converted to his own use and thereby embezzled stated sums of money, the property of the United States, the same being then and there a part of the money order funds of the United States belonging to the Post Office Department of the United States, and alleged to have come into the hands of the defendant, and under his control, in the execution and under color of his office and employment as such postmaster.

[1] The prosecution offered in evidence a certified transcript from the Post Office Department of an account showing that the defendant was indebted to the Post Office Department in the sum of $4,427.03. The caption and body of the certificate attached to such transcript were as follows:

"Auditor's Certificate, J. W. S. 1, Treasury Department, Office of the Auditor of the Post Office Department, Washington, D. C.  Stamped Chief Inspector P. O. Dept., Dec. 16th, 1916.

"I, Chas. A. Kram, Auditor for the Post Office Department, certify the annexed to be true and correct transcripts of the postal and money order account of Sewell A. Youmans, postmaster at Nunez, Georgia."

The offered evidence was objected to by the defendant on several grounds, including the following:

"That the certificate does not show that it is a true copy of the account books of the auditor of the Post Office Department."

The objection was overruled, and the document admitted. That ruling was duly excepted to.

Section 225 of the Criminal Code (Comp. St. § 10395), which defines the offense charged, provides that—

 "Upon the trial of any indictment against any person for such embezzlement, it shall be prima facie evidence * * * against him to produce a transcript from the account books of the Auditor for the Post Office Department."

Nothing in the certificate or in the transcript certified to shows or indicates that the original of the account appears on or is a part of any account book of the Auditor for the Post Office Department. Nothing disclosed is inconsistent with the conclusion that the original of that which purports to be copied has never formed a part of the account books of the Auditor of the Post Office Department. For anything that appears, the original which was copied may never have been entered in any book. The statute does not purport to make anything prima facie evidence of a balance against one charged as the defendant was, except a transcript from the account books mentioned. Such evidence as that authorized by the above-quoted provision is not admissible, in the absence of a statute making it admissible. United States v. Pinson, 102 U. S. 548, 26 L. Ed. 226. We think that the evidence in question was subject to objection on the above-stated ground, and that the court erred in admitting it over that objection.

[2] The prosecution offered in evidence rule 1241 of the Postal Laws and Regulations of the Post Office Department, which in substance requires all postmasters to remit daily to the depository designated by special instructions to each office all surplus money order funds, unless the amount is less than $50, in which case no remittance is required. This evidence was duly objected to, on the grounds that it was not material, and because the defendant was not charged with failing or refusing to remit or deposit money order funds when required to do so. The defendant excepted to the overruling of the objection and the admission of the evidence. Other evidence adduced, considered in the light of the existence of the rule mentioned, tended to prove the defendant guilty under that part of section 225 of the Criminal Code, which makes a postmaster guilty of embezzlement if he fails or refuses to remit or deposit postal funds when required to do so by regulations of the Post Office Department. The admission of the rule under the circumstances stated was calculated to make the impression on the jury that, in determining the question of the defendant's guilt or innocence of the charge made in the indictment, they could consider his guilt of conduct other than that so charged against him. The indictment charged him with willfully and feloniously converting to his own use postal money order funds. His guilt of conduct other than that charged was not a matter proper to be considered by the jury. A violation of the rule in question was not within the issues

to be tried. An effect of the admission of it in evidence was to enable the jury to consider the defendant's guilt in a respect not a proper subject of inquiry in the case on trial.

As the record shows prejudicial error, the judgment is reversed.